UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNA GEE,

      Plaintiff,

v.

THE COUNTY OF OAKLAND,

      Defendant.

_____/

Case No. 5:25-cv-10899
District Judge Judith E. Levy
Magistrate Judge Anthony P. Patti

## REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT (ECF No. 1) AND DENY AS MOOT DEFENDANT'S MOTION TO DISMISS (ECF No. 7)

**I.**    **RECOMMENDATION**:  The Court should **DISMISS** Plaintiff's March 31, 2025 complaint (ECF No. 1) for lack of standing and **DENY** Defendant's motion to dismiss (ECF No. 7) as **MOOT**.

**II.**    **REPORT**:

    **A.**    **Background**

    This case is one of many filed on March 31, 2025 in the Western and Eastern Districts of Michigan against various counties or county treasurers regarding the retention of surplus proceeds following tax foreclosure property sales.  The instant matter was filed by Donna Gee, who describes herself as "an heir of Geradine Shurn[,]" the former owner of the property commonly known as

79 S. Francis Ave., Pontiac, MI.  (ECF No. 1, ¶¶ 8(i), 8(v).)[1]  Plaintiff alleges

Shurn's "surplus funds are being wrongfully retained by Defendant Oakland."

(ECF No. 1, ¶ 1.)

### B.      Instant Motion

Currently before the Court is Defendant's April 22, 2025 motion to dismiss

(ECF No. 7), which Judge Levy has referred to me for entry of a report and

recommendation (ECF No. 8).  Plaintiff has filed a response (ECF No. 9),

Defendant has filed a reply (ECF No. 10), and Defendant has filed a supplemental

brief (ECF No. 11).[2]

Defendant's motion is now ready for decision.

### C.      Fed. R. Civ. P. 12

Defendant brings its motion to dismiss based on Fed. R. Civ. P. 12(b)(6).

(ECF No. 7, PageID.26.)  When deciding a motion to dismiss under Rule 12(b)(6),

---

[1] The Court suspects Shurn's first name is Geraldine.  (*See*, *e.g.*, ECF No. 7-1, PageID.42.)

[2] Oddly, Defendant's February 4, 2026 supplemental brief asks the Court to "lift the stay" in this case and rule on the motion to dismiss, in light of the Supreme Court's denial of certiorari in *Howard v. Macomb Cnty., MI*, No. 25-451, 2026 WL 79603, at *1 (U.S. Jan. 12, 2026).  (ECF No. 11, PageID.78.)  Perhaps Defendant's counsel is confusing this case with another one he is defending.  Although Plaintiff's response brief requests that this case "should be held in abeyance[,]" (ECF No. 9, PageID.59-60), her request relates to two other currently pending cases – *Cutshaw v. Barry County Treasurer*, 1:24-cv-0329 (W.D. Mich.) and *Fox vs. Kent County Treasurer*, 1:24-cv-0324 (W.D. Mich.) – and, more importantly, no stay has ever been entered in the present matter.

the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action"). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Furthermore, the Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even in pleadings drafted by *pro se* parties, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594

3

(6th Cir. 1989)).  Moreover, "courts may not rewrite a complaint to include claims that were never presented . . . nor may courts construct the Plaintiff's legal arguments for him.  Neither may the Court 'conjure up unpled allegations[.]'" *Rogers v. Detroit Police Dept.*, 595 F.Supp.2d 757, 766 (E.D. Mich. 2009) (Ludington, J., *adopting report and recommendation of* Binder, M.J.).[3]

### D.    Discussion

The subject matter of Plaintiff's lawsuit is Michigan's General Property Tax Act (GPTA) (Mich. Comp. Laws §§ 211.1 to 211.157), namely §§ 211.78k, 211.78m, and 211.78t.  (ECF No. 1, ¶¶ 5, 6; *see also id*., ¶¶ 8(iii), 12.)  Among other things, these provide that "[a] claimant may submit a notice of intention to claim an interest in any applicable remaining proceeds from the transfer or sale of foreclosed property under section 78m[.]"  Mich. Comp. Laws § 211.78t(1).

#### 1.    Factual allegations

Plaintiff alleges that Shurn owned in fee simple the property located at 79 S. Francis Ave., Pontiac, MI "for decades, until March 31, 2022[.]"  (*Id*., ¶ 8(i).) Plaintiff further alleges that, "[i]n consequence of the non-payment of 2019 real property taxes due upon the Property," on March 31, 2022 – pursuant to a

---

[3] *See also, Evans v. Mercedes Benz Fin. Servs., LLC*, No. 11-11450, 2011 WL 2936198, at *2 (E.D. Mich. July 21, 2011) (Cohn, J.) ("Even excusing plaintiff's failure to follow Rules 8(a)(2) and 10(b), a *pro se* plaintiff must comply with basic pleading requirements, including Rule 12(b)(6).").

foreclosure judgment of the Oakland County Circuit Court then pursuant to Michigan's tax collection statute (*see* Mich. Comp. Laws §§ 211.78-211.78p) – "Oakland County Defendant was, by its putative terms, vested absolutely with good and marketable title to the Plaintiff's predecessor's Property," and "Plaintiff is now divested of the same by Defendant[.]" (*Id.*, ¶¶ 5, 8(ii).)

Plaintiff states in her motion response that she "did not submit a pre-suit notice of claim, Form 5743[,]" (ECF No. 9, PageID.59), which is the Michigan Department of Treasury's "Notice of Intention to Claim Interest in Foreclosure Sales Proceeds."[4] In her complaint, Plaintiff alleges that Defendant offered the property for sale at a public foreclosure auction for the "minimum bid," as defined in Mich. Comp. Laws § 211.78m(16)(c), of $5,280.56, and that Defendant sold the

---

[4] In its motion to dismiss, Defendant contends that it sent *Plaintiff* "a letter . . . informing her of the statutory process to claim any surplus proceeds" and "a form by which she could make a claim[,]" (ECF No. 7, PageID.34-35); however, to be clear, the attached May 27, 2022 letter from the Oakland County Treasurer's Office was addressed to "Shurn Geraldine" at 24 Oriole Rd, Pontiac, MI 48341 (*see* ECF No. 7-1, PageID.42). *Inter alia*, the letter explains that "this property was tax foreclosed on March 31, 2022 for unpaid property taxes[,]" further explains that, "[i]n order to make a claim, you must submit a Notice of Intention to Claim Interest in Foreclosure Sales Proceeds . . . to the Oakland County Treasurer **no later than July 1, 2022**[,]" and also notes that her parcel number is 64-14-28-481-007 (*see* ECF No. 7-1, PageID.42 (emphasis in original)), which the Undersigned assumes is commonly known as "79 S. Francis Ave., Pontiac, Michigan[,]" (*see* ECF No. 1, ¶ 8(i).)

property at public auction for $46,249.91.  (*Id*., ¶¶ 8(iii), 8(iv).)[5]  As for the

remainder, Plaintiff alleges:

> The Surplus Proceeds arising from the foreclosure sale of the Property
> to wit, $40969.35 is personalty, constitute the Plaintiff's predecessor's
> (Geradine Shurn's) equity in the Property, and reflect their original
> investment therein and ongoing investments of monies including
> improvements, repairs and decades of payment of real property taxes,
> and are in law, equity and in fact owned by the Plaintiff *as an heir of
> Geradine Shurn*[.]

(*Id*., ¶ 8(v) (emphasis added).)

Plaintiff filed the instant lawsuit on March 31, 2025, three years following

the alleged forfeiture.

### 2.    Standing

Plaintiff presents four causes of action:  (a) post taking claim for just

compensation under the Fifth Amendment (*id*., ¶¶ 15-28); (b) 42 U.S.C. § 1983

liability for taking of private property for public use without just compensation,

based on § 211.78t (*id*., ¶¶ 29-35); (c) inverse condemnation in violation of Mich.

Const. 1963, Art. X, Sec. 2, based on § 211.78t (*id*., ¶¶ 36-45); and, (d) unjust

enrichment (*id*., ¶¶ 46-52).

However, the Court need not address Defendant's arguments to dismiss

these causes of action (*see* ECF No. 7, PageID.36-38) or Plaintiff's responsive

---

[5] Plaintiff alleges the offer took place on September 13, 2022 and the sale took place on August 12, 2022 (*id*., ¶¶ 8(iii), 8(iv)); however, for obvious reasons, the Court assumes one of these is incorrect.

arguments that "[t]his matter should be held in abeyance while *Cutshaw* and *Fox* cases are litigated[,]" (ECF No. 9, PageID.58-60) and that "Plaintiff has stated a claim upon which relief can be granted[,]" (*id.*, PageID.61-66). This is so, because Plaintiff has not shown an adequate basis to support her standing to pursue such claims. Within the "Plaintiff's Standing" portion of her pleading, Plaintiff describes herself as "an heir of Geradine Shurn" or Shurn as "Plaintiff's predecessor." (ECF No. 1, ¶ 8.) Defendant contends in its motion to dismiss that Plaintiff "is not the real party in interest and does not have standing[,]" and that, to the extent Shurn is deceased, "Ms. Shurn's Estate would be the proper plaintiff." (*Id.*) (ECF No. 7, PageID.34 n.1.) If Ms. Shurn is, in fact, deceased, that would appear to be correct, unless, perhaps title to the property was held in a trust.

Plaintiff does not address the issue of standing in her response. Instead, Plaintiff refers to Shurn as "Plaintiff's predecessor in interest" and states "Plaintiff is suing in her capacity as an heir to Geradine Shurn." (ECF No. 9, PageID.59.) Plaintiff's response does not explain whether Shurn is living or deceased, whether she is Shurn's personal representative, the executor of Shurn's estate or the trustee of Shurn's trust, whether she has been appointed by a probate court to act on Shurn's behalf or on behalf of her estate or trust, or even whether she is the sole heir. (*See* ECF No. 9, PageID.58-66.) For all the Court knows, there could be

7

numerous heirs and/or a court-appointed or otherwise designated fiduciary over

Shurn or her estate.  Fed. R. Civ. P. 17(a) states:

> An action must be prosecuted in the name of the real party in interest. The following may sue in their own names without joining the person for whose benefit the action is brought:
>
> > **(A)**   an executor;
> >
> > **(B)**   an administrator;
> >
> > **(C)**   a guardian;
> >
> > **(D)**   a bailee;
> >
> > **(E)**   a trustee of an express trust;
> >
> > **(F)**   a party with whom or in whose name a contract has been made for another's benefit; and
> >
> > **(G)**   a party authorized by statute.

Fed. R. Civ. P. 17(a)(1).  Plaintiff has not pleaded that any of these positions or

designations accurately describes her legal relationship to the real party in interest.

Nor has she pleaded that she herself holds title to the property in question, either

individually or in some other capacity.

### E.   Conclusion

"As a jurisdictional requirement, standing to litigate cannot be waived or

forfeited.  And when standing is questioned by a court or an opposing party, the

litigant invoking the court's jurisdiction must do more than simply allege a

nonobvious harm.  . . . To cross the standing threshold, the litigant must explain

how the elements essential to standing are met." *Virginia House of Delegates v. Bethune-Hill*, 587 U.S. 658, 662–63 (2019).  Plaintiff has not done so here.  Accordingly, the Court should **DISMISS** Plaintiff's March 31, 2025 complaint (ECF No. 1) for lack of standing and **DENY** Defendant's motion to dismiss (ECF No. 7) as **MOOT**.

## III.   PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Fed. R. Civ. P. 72(b)(2) and E.D. Mich. LR 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.*  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: March 2, 2026

                    _____

                    Anthony P. Patti
                    UNITED STATES MAGISTRATE JUDGE

10